ELIAS E. HUBEL v. JOHN RORISON, DEPUTY-SHERIFF.

*Process—Right of coroner to serve.*

The right of a coroner to serve process, under How. Stat. § 606, is *now* confined to cases where the sheriff is *himself* a party, or is directly interested in the suit.

Error to Clare. (Hart, J.) Argued May 2, 1890. Decided May 16, 1890.

Replevin. Defendant brings error. Reversed without a new trial. The facts are stated in the opinion.

*C. W. Perry,* for appellant.

*John Giberson,* for plaintiff.

GRANT, J. The defendant was deputy-sheriff of the county of Clare, and had levied upon certain goods under an attachment from justice's court. Plaintiff, claiming to own the goods, brought suit in replevin in a justice's court against the defendant. The writ was directed to any coroner of the county, was placed in the hands of a coroner, and duly served. Defendant put in a plea to the jurisdiction, on the ground that the coroner had no legal authority to serve the writ. The plea was overruled, and judgment rendered for plaintiff.

How. Stat. § 606, provides that every coroner, within his county, shall serve and execute process of every kind, when the sheriff shall be a party or interested in the case. By How. Stat. § 596, the sheriff and his deputies are authorized to serve any process issued by a justice of the peace, and to exercise all the powers and duties of constables. This statute was enacted in 1867, long subsequent to the enactment of section 606.

The argument for defendant is that at the time section 606 was enacted sheriffs were not authorized to serve processes from justice's courts; that it was the intention to confer upon coroners the authority to serve only such writs as the sheriff had power at that time to serve; and that any subsequent enlargement of the sheriff's powers, so as to include other processes, would not confer upon the coroner the authority to serve such processes without an express enactment. We cannot accede to this view. The statute is broad and comprehensive. The power conferred upon the coroner is not limited to courts of record, nor to processes of any particular kind, nor to courts which were then in existence. It was clearly intended to cover every case where the sheriff should be a party or be interested, both under the statutes as they then were, and under those that might thereafter be enacted. In the absence of statutory provisions, the sheriff could not serve process upon his under-sheriff or deputy, nor could an under-sheriff or deputy serve process upon the sheriff, or upon one another.

The coroner has no jurisdiction to serve in any case where the sheriff or his under or deputy sheriff may act. Act No. 30, Laws of 1887, provides that the sheriff or his under or deputy sheriff may serve all process writs, etc., in any action where an under or deputy sheriff is a party. It therefore follows that, under the law as it now is, the coroner's right to serve is limited to those cases where the sheriff himself is a party, or is directly interested in the case.

Judgment reversed, and no new trial granted.

The other Justices concurred.